## Rodríguez, Demandante y Apelado, *v.* Maymí et al., Demandados y Apelantes.

No. 2912.—*Visto:* Junio 8, 1923. *Resuelto:* Enero 19, 1925.

Cobro de Dinero—Prueba de la Obligación—Causa de Acción.—Demostrando la prueba del demandado que el cheque cuyo importe se le reclama no le fué entregado por el acreedor en cuyo poder quedó a fin de entregarlo al secretario de la corte de distrito para atender al pago de una suma igual que le había sido reclamada judicialmente como deuda con otro acreedor; que éste ni el secretario hicieron efectivo el cheque; y no habiendo el demandante refutado el testimonio del demandado en cuanto a no haber recibido consideración alguna por el pagaré suscrito a cambio del cheque, ni siquiera presentado éste debidamente cancelado, se declaró sin lugar la demanda por falta de causa de acción, y con lugar la contrademanda en que se reclamaba el importe de los intereses que por valor del cheque llegó a pagar el demandado.

Sentencia de *Pablo Berga*, J. (Humacao), en una acción en cobro de dinero, declarando con lugar la demanda y sin lugar la contrademanda, con costas. *Revocada.*

R. *Arce*, abogado de los apelantes; *L. Pereyó Quiñones* y *C. Iriarte, Jr.*, abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Vicente Rodríguez Ortiz obtuvo sentencia a su favor a virtud de un pagaré, el cual es como sigue:

"Pagaré a la orden de don Vicente Rodríguez Ortiz, dentro de un año contado desde el día primero del presente mes la cantidad de un mil dólares que me ha facilitado a préstamo, con más el interés del diez por ciento anual, éstos pagaderos al final de cada mes natural; cantidad esa que me fué facilitada por mi acreedor señor Rodríguez Ortiz en un check librado por él a mi favor contra el American Colonial Bank, sucursal de Caguas, bajo su número 164 de esta misma fecha, y con ella he atendido al pago de una suma igual que me ha sido reclamada ante la Corte de Distrito de Humacao como deuda que antes tenía pendiente a favor de Luther R. Bostick, la cual fué rematada en pública subasta por dicha corte y adjudicada por el Márshal de la misma a Juan Alejandro, por cuyo motivo remito hoy mismo ese check al Secretario de la dicha Corte de Distrito para satisfacer tal deuda. Caso de tribunales me someto a los del domicilio del tenedor de este documento, y me obligo a pagarle las costas, gastos y honorarios de abogado. Caguas, Puerto

Rico, Agosto 10 de 1920. Rafael Maymí: su marca: Testigo: J.
M. Solá.''

El secretario de la corte de distrito declaró que nunca
recibió el cheque a que se refiere el pagaré como causa de
la obligación de pagar. El demandado declaró que el cheque
no fué en realidad entregado a él, sino que quedó en poder
de Rodríguez, que es también un abogado, para ser entre-
gado por éste al secretario; también que Luther R. Bostick
con anterioridad a la fecha de su muerte, que tuvo lugar en
Ashville, N. C., cedió y traspasó el pagaré original a H. J.
Bostick; que se había hecho un requerimiento al deman-
dado por y a nombre de dicho cesionario, por conducto de
una persona cuyo nombre fué dado y que es bien conocida
en los círculos locales de negocios, para el pago de tal pa-
garé original, y que el demandante estaba bien informado
sobre el particular antes de que la presente acción fuera es-
tablecida.

Fué también presentada prueba documental tendente a
acreditar un traspaso por el librado nombrado en el pagaré
original, de todos sus bienes, muebles e inmuebles, usados
o relacionados con la explotación y administración de cier-
tas plantaciones de tabaco poseídas por dicho Bostick cerca
de Caguas, Puerto Rico.

También debemos de paso hacer mención del hecho de
que el demandado al contestar la demanda presentó una
contrademanda para el cobro de los intereses pagados por
él al demandante antes de tener conocimiento de la cesión
y traspaso a que se acaba de hacer referencia.

Aunque el demandante compareció personalmente en el
acto del juicio, no fué a declarar como testigo, no ofreció el
cheque cancelado, ni ninguna otra prueba para demostrar
alguna causa que no fuera la promesa incumplida en depo-
sitar el cheque con el secretario, o para refutar de algún
modo la afirmación que hizo el demandado bajo juramento,
de que él nunca recibió directa o indirectamente nada de

valor como consideración del pagaré arriba citado en primer término.

*La sentencia apelada debe ser revocada,* y en su lugar esta corte debe dictar otra en favor del demandado por el importe de los intereses por él pagados al demandante, y las costas, de acuerdo con la súplica de la contrademanda.